IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARIC MATTHEW SALAZAR,<br><br>Defendant-Movant. | No. 1:18-cr-00180 NONE-SKO-1<br><br><u>ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S REQUEST TO SEAL</u><br><br><u>(Doc. No. 43)</u> |

Before the court is defendant's request to seal 341 pages of material, consisting of Exhibits A through T to his motion to reduce his sentence brought pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Doc. No. 42.) Defendant asserts that all of these exhibits contain defendant's "HIPPA protected medical records as well as other confidential information." (*Id.*)

The court starts from the position that "[a]ll information provided to the Court in a specific action is presumptively public." E.D. Cal. Local Civ. R. 141.1(a)(1); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). With respect to defendant's sealing request, the court must consider the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial possibility that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives that would adequately protect the compelling interest.").

Here, defendant's Exhibit A is a copy of his own presentence report ("PSR") in this case. That exhibit already appears on the court's docket under seal. (Doc. No. 25.) Defendant need not file it with the court nor apply to have it sealed. Nonetheless, because defendant's motion makes reference to the exhibit and to avoid delays in processing defendant's motion, the court will direct the Clerk of Court to seal Exhibit A.

Exhibits B, E, G, I, and K contain defendant's medical records. A party has a strong interest in the confidentiality of his or her medical information. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also United States v. Maddawalaabuu Dadi*, No. CR18-0283, 2020 WL 5982007, at *1 (W.D. Wash. Oct. 8, 2020). The court finds that, in this case, that privacy interest outweighs the public's interest in access. The court further finds that, without sealing, the compelling interest identified by defendant would be harmed and there are no additional alternatives to sealing Exhibits B, E, G, I, and K, that would adequately protect the compelling interests in medical privacy.

However, there is no obvious basis for the sealing of defendant's remaining exhibits submitted in support of his motion. Exhibits C, D, F, J, L, M, N, O, and S, for example, appear to be scientific papers, articles, reports or updates, and/or public reports about prison conditions. Defendant has made no showing to justify the sealing of these exhibits. Other documents (Exhibits P and Q) appear to be prison records not directly implicating medical privacy interests. The court is unaware of any authority indicating that prison records require sealing as a matter of course. Defendant has therefore not yet made a sufficient showing to justify sealing these documents. Still other records are letters from defendant or individuals who support defendant. (Exhibits H & R.) Defendant also seeks to seal the sentencing transcript from December 9, 2019 (Exhibit T). Again, no justification for sealing these has been offered. Therefore, defendant's request for filing under seal will be denied without prejudice as to all of the exhibits discussed in this paragraph of this order.

For the reasons set forth above, defendant's request to seal is:

(1) GRANTED as to Exhibits A, B, E, G, I, and K submitted in support of his motion for a reduction of his sentence; and

| | |
|---|---|
| 1 | (2) DENIED WITHOUT PREJUDICE as to the remaining exhibits submitted in |
| 2 | support of that motion. |

The court notes that defense counsel has (likely inadvertently) already filed Exhibits A through T on the public docket as one single attachment. (Doc. No. 42-1.) Counsel shall communicate with the Clerk's office and comply with all instructions given by the Clerk to ensure that those exhibits ordered sealed by this order can be segregated from those that will remain on the public docket. Counsel is referred to Local Rule 141 for further information in this regard.

IT IS SO ORDERED.

Dated: May 19, 2021

UNITED STATES DISTRICT JUDGE